FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

2012 MAY 31   AM 11: 33

~~~~~~~~~~~~~
U.S. ~~~~~~~ COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| **BENJAMIN WILKES**, on behalf of Himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | 4:12CV0032 CASE NO. |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| **HSBC BANK NEVADA, N.A.,** | ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Benjamin Wilkes (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges based upon his personal knowledge, investigation by his counsel, and upon information and belief, as follows:

### SUMMARY OF CLAIMS

1.    Plaintiff brings this class action for damages, injunctive relief, and all other legal and equitable remedies, resulting from the illegal actions of HSBC Bank Nevada, N.A., and its related entities, subsidiaries, affiliates, parents and agents (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter referred to as the "TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff also seeks up to $1,500.00 in damages per each

1

call made in violation of the TCPA, which, when aggregated among a proposed class of tens of thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction, exclusive of interest and costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a) because Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff has resided in this District at all relevant times to these claims such that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.      Plaintiff is a resident of Lafayette, Indiana, and has so resided there at all times relevant. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

5.      Upon information and belief, Plaintiff alleges that HSBC Bank Nevada, N.A., is and at all times mentioned herein was, a corporation whose primary corporate address is 1111 Town Center Drive, Las Vegas, NV 89144. Defendant is, and at all times herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (32). Plaintiff is informed and believes, and thereupon alleges, that at all times relevant Defendant conducted business in the State of Indiana and in the County of Tippecanoe.

2

6.      Defendant's principal business comprises of issuing, marketing, and servicing credit and debit cards and the attendant consumer loans.  Defendant serves as one of the largest issuers of credit cards in the nation.  As of February 2011, Defendant was the ninth (9th) largest issuer of Visa© and Mastercard© credit cards in the United States by purchase volume, according to The Nilson Report.

## FACTUAL ALLEGATIONS

7.      Plaintiff is the holder of one (1) credit card account with Defendant.

8.      On multiple occasions beginning in or around December of 2011, Defendant contacted Plaintiff on his cellular number in an attempt to collect an alleged debt pursuant to the above-referenced credit card account.

9.      Plaintiff is informed and believes, and thereupon alleges, that he did not provide "prior express consent" to receive calls on his cellular telephone with an "automatic telephone dialing system" and/or "prerecorded voice" as prescribed by 47 U.S.C. § 227(b)(1)(A.

10.      Plaintiff believes and alleges that during the aforementioned calls, Defendant used an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

11.      Plaintiff believes and alleges that these telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

12.      The aforementioned telephone calls made by Defendant to Plaintiff's cellular number violated 47 U.S.C. § 227 (b)(1).

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of himself and on behalf of and all other similarly situated (hereinafter referred to as the "Class") and proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system and/or prerecorded voice without providing prior express consent for such call(s), within the four (4) years prior to the filing of this Complaint.

14.     Defendant, its respective parents, subsidiaries, affiliates, employees, officers, directors, partners and agents are excluded from the Class.

15.     This action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4) and Rule 23(b)(1), (2), or (3) of the Federal Rules of Civil Procedure and case law there under.

### Numerosity of the Class

### (Fed. R. Civ. P. 23(a)(1))

16.     Class members are so numerous that their individual joinder is impractical. Plaintiff does not know the exact number of members in the Class, but based upon Defendant's market share, Plaintiff reasonably believes the number to be at a minimum in the tens of thousands, if not more.  Such number can be ascertained from Defendant's records, and class members may be notified of the pendency of this action by mail or e-mail, and can be supplemented, if necessary, by published notice.

## Predominance of Common Questions of Fact and Law

### (Fed. R. Civ. P. 23(a)(2); 23(b)(3))

17.    Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual Class members. The common legal and factual questions include, without limitation:

a.    Whether, within the four (4) years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations;

c.    Whether Defendant's conduct violates the TCPA;

f.    Whether Defendant's conduct was knowing and/or willful pursuant to the TCPA; and

g.    Whether Defendant should be enjoined from engaging in such conduct in the future.

## Typicality of Claims

### (Fed. R. Civ. P. 23(a)(3))

18.    Plaintiff is asserting claims that are typical of the Class because he is a person that received numerous calls from Defendant, using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent before receiving such calls.

5

## Adequacy of Representation

### (Fed. R. Civ. P. 23(a)(4))

19.     Plaintiff is an adequate representative of the Class because his interests coincide with and are not antagonistic to those of the Class and is interested in pursuing his claims vigorously.    Plaintiff has retained experienced and competent counsel in handling complex litigation.

## Superiority of a Class Action

### (Fed. R. Civ. P. 23(b)(3)

20.     Proceeding as a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  A class action preserves judicial resources by avoiding duplicative lawsuits, repetitious discovery and inconsistent rulings on Class claims for equitable relief and provides fair and efficient access to adjudication for damages claims that are meritorious, yet too small to warrant the expense of individual litgation. Indeed, class-wide relief is essential to compel Defendant to comply with the TCPA.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class action claims because the calls at issue are all automated/prerecorded and the Class members, by definition, did not provide the prior express consent required under the statute to authorize such calls to their cellular telephones.

## Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final

## Injunctive or Declaratory Relief

### (Fed. R. Civ. P. 23(b)(1) and (2))

21.     In the alternative, this action may properly be maintained as a class action, because:

6

      a.     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants; or

      b.     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

      c.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### COUNT I:  NEGLIGENCE UNDER THE TCPA

22.  Plaintiff incorporates the allegations contained in paragraphs 1 through 21 above as if fully set forth herein and further alleges as follows.

23.  Defendant negligently violated the TPCA by calling Plaintiff and others similarly situated on their cellular numbers using an automatic telephone dialing system and/or prerecorded voice.

24.  As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation cited herein plus any additional violations, pursuant to 47 U.S.C. § 227(b)(3)(B).

7

## COUNT II:  KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

25.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24 and further alleges as follows.

26.     Defendant knowingly and/or willfully violated the TCPA by calling Plaintiff and others similarly situated on their cellular numbers using an automatic telephone dialing system and/or prerecorded voice.

27.     That as a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to enhanced damages of three (3) times the statutory amount of $500.00, for up to $1,500.00 for each and every violation cited herein plus any additional violations, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III:  INJUNCTIVE RELIEF UNDER THE TCPA

28.     Plaintiff incorporates the allegations contained in paragraphs 1 through 27 and further alleges as follows.

29.     The TCPA provides a private right of action for injunctive relief.

30.     Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. § 227(b), including calls to Plaintiff.

31.     Upon information and belief, Defendant continues to call cellular numbers in violation of section 227(b).

32.     The Defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

## JURY TRIAL DEMANDED

33.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

8

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, as follows:

A.    A judgment in the amount of $500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3)(B);

B.    Treble damages in the amount of $1,500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.    A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling Plaintiff and the Class's cellular telephones using an automatic telephone dialing system and/or a pre-recorded voice message; and

D.    Such other relief as the Court deems just and proper.

Dated: 5/31/12

Respectfully submitted,

PEARLMAN, CHOSNEK & HOPSON, P.C.
Attorneys for the Plaintiff and Putative Class

By: _____
EDWARD CHOSNEK, Atty. No. 3498-79
P.O. Box 708
Lafayette, IN 47902
Telephone: (765) 742-9081
Facsimile: (765) 742-4379
E-mail: echosnek@chosneklaw.com

By: _____
JAMES R. SCHRIER, Atty. No. 14113-06
REILING TEDER & SCHRIER, LLC
P.O. Box 280
Lafayette, IN 47902
Telephone: (765) 423-5333
Facsimile: (765) 423-4564
E-mail: jrs@rtslawfirm.com