**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| BENJAMIN WILKES, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 4:12-CV-00032-JVB-PRC |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ANSWER OF DEFENDANT HSBC BANK NEVADA, N.A., TO COMPLAINT** |
| HSBC BANK NEVADA, N.A., | ) ) | |
| Defendant. | ) ) ) | |

Defendant HSBC Bank Nevada, N.A. ("Bank Nevada") hereby answers the Complaint filed by plaintiff Benjamin Wilkes ("Plaintiff") on May 31, 2012, as follows:

**ANSWER TO INTRODUCTION**

1.      Plaintiff brings this class action for damages, injunctive relief, and all other legal and equitable remedies, resulting from the illegal actions of HSBC Bank Nevada, N.A., and its related entities, subsidiaries, affiliates, parents and agents (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter referred to as the "TCPA").

**Response:**  Answering Paragraph 1 of the Complaint, Bank Nevada admits that Plaintiff purports to bring this action on behalf of himself and a supposed class for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Except as expressly admitted, Bank Nevada denies each and every allegation set forth in Paragraph 1.

**ANSWER TO JURISDICTION**

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff also seeks up to $1,500.00 in damages per each call made in violation of the TCPA, which, when aggregated among a proposed class of tens of thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction, exclusive of interest and costs.  Therefore, both diversity jurisdiction and the damages threshold under the

Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") are present, and this Court has jurisdiction.

      **Response:**  Answering Paragraph 2 of the Complaint, Bank Nevada admits that this Court possesses subject matter jurisdiction over this action, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.  Except as expressly admitted, Bank Nevada denies each and every allegation set forth in Paragraph 2.

      3.     Venue is proper in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a) because Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff has resided in this District at all relevant times to these claims such that a substantial part of the events or omissions giving rise to the claims occurred in this District.

      **Response:**  Answering Paragraph 3 of the Complaint, Bank Nevada does not challenge venue for the purposes of this action, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

## ANSWER TO THE PARTIES

      4.     Plaintiff is a resident of Lafayette, Indiana, and has so resided there at all times relevant.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

      **Response:**  Answering Paragraph 4 of the Complaint, Bank Nevada lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations in Paragraph 4.

      5.     Upon information and belief, Plaintiff alleges that HSBC Bank Nevada, N.A., is and at all times mentioned herein was, a corporation whose primary corporate address is 1111 Town Center Drive, Las Vegas, NV 89144.  Defendant is, and at all times herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (32).  Plaintiff is informed and believes, and thereupon alleges, that at all times relevant Defendant conducted business in the State of Indiana and in the County of Tippecanoe.

2

**Response:**  Answering Paragraph 5 of the Complaint, Bank Nevada admits that it is a corporation with its principal place of business at 1111 Town Center Drive, Las Vegas, NV 89144.  Bank Nevada admits that it conducts business in the State of Indiana and in the County of Tippecanoe.  Except as expressly admitted, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that 47 U.S.C. § 153(32) speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

6.     Defendant's principal business comprises of issuing, marketing, and servicing credit and debit cards and the attendant consumer loans.  Defendant serves as one of the largest issuers of credit cards in the nation.  As of February 2011, Defendant was the ninth (9th) largest issuer of Visa© and Mastercard© credit cards in the United States by purchase volume, according to The Nilson Report.

**Response:**  Answering Paragraph 6 of the Complaint, Bank Nevada admits that it engages in the business of issuing, marketing and servicing credit cards, debit cards and consumer loans.  Except as expressly admitted, Bank Nevada lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations in Paragraph 6.

## ANSWER TO FACTUAL ALLEGATIONS

7.  Plaintiff is the holder of one (1) credit card account with Defendant.

**Response:**  Answering Paragraph 7 of the Complaint, Bank Nevada admits that Plaintiff had a credit card account with Bank Nevada.

8.     On multiple occasions beginning in or around December of 2011, Defendant contacted Plaintiff on his cellular number in an attempt to collect an alleged debt pursuant to the above-referenced credit card account.

**Response:**  Answering Paragraph 8 of the Complaint, Bank Nevada lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations in Paragraph 8.

3

9.     Plaintiff is informed and believes, and thereupon alleges, that he did not provide "prior express consent" to receive calls on his cellular telephone with an "automatic telephone dialing system" and/or "prerecorded voice" as prescribed by 47 U.S.C. § 227(b)(1)(A.

**Response:**   Answering Paragraph 9 of the Complaint, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that 47 U.S.C. § 227(b)(1)(A) speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

10.     Plaintiff believes and alleges that during the aforementioned calls, Defendant used an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

**Response:**   Answering Paragraph 10 of the Complaint, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that 47 U.S.C. § 227(b)(1)(A) speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

11.     Plaintiff believes and alleges that these telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**Response:**   Answering Paragraph 11 of the Complaint, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that 47 U.S.C. § 227(b)(1)(A)(i) speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

12.     The aforementioned telephone calls made by Defendant to Plaintiff's cellular number violated 47 U.S.C. § 227 (b)(1).

**Response:**   Answering Paragraph 12 of the Complaint, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that 47 U.S.C. § 227(b)(1)(A) speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

## ANSWER TO CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of himself and on behalf of and all other similarly situated (hereinafter referred to as the "Class") and proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system and/or prerecorded voice without providing prior express consent for such call(s), within the four (4) years prior to the filing of this Complaint.

**Response:**  Answering Paragraph 13 of the Complaint, Bank Nevada admits that Plaintiff purports to bring this action in his individual capacity and as a class action and purports to define a class.  Bank Nevada denies that any class could be certified in this action and that this action is appropriate for class treatment.

14.     Defendant, its respective parents, subsidiaries, affiliates, employees, officers, directors, partners and agents are excluded from the Class.

**Response:**  Answering Paragraph 14 of the Complaint, Bank Nevada admits that Plaintiff purports to bring this action in his individual capacity and as a class action and purports to define a class.  Bank Nevada denies that any class could be certified in this action and that this action is appropriate for class treatment.

15.     This action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4) and Rule 23(b)(1), (2), or (3) of the Federal Rules of Civil Procedure and case law there under.

**Response:**  Answering Paragraph 15 of the Complaint, Bank Nevada states that this paragraph contains legal conclusions to which no response is required; to the extent a response is required, Bank Nevada states that Federal Rules of Civil Procedure Rule 23(a)(1)-(4) and Rule 23(b)(1), (2), and (3) speak for themselves and Bank Nevada denies any allegations that are inconsistent therewith.  Bank Nevada denies that any class could be certified in this action and that this action is appropriate for class treatment.

BDDB01 9421418v1

## Answer to Numerosity of the Class

16.     Class members are so numerous that their individual joinder is impractical. Plaintiff does not know the exact number of members in the Class, but based upon Defendant's market share, Plaintiff reasonably believes the number to be at a minimum in the tens of thousands, if not more.  Such number can be ascertained from Defendant's records, and class members may be notified of the pendency of this action by mail or e-mail, and can be supplemented, if necessary, by published notice.

**Response:**   Answering Paragraph 16 of the Complaint, Bank Nevada denies the allegations contained therein.

## Answer to Predominance of Common Questions of Fact and Law

17.     Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting only individual Class members.   The common legal and factual questions include, without limitation:

a.     Whether, within the four (4) years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations;

c.     Whether Defendant's conduct violates the TCPA;

f.[sic]  Whether Defendant's conduct was knowing and/or willful pursuant to the TCPA; and

g.[sic]  Whether Defendant should be enjoined from engaging in such conduct in the future.

**Response:**   Answering Paragraph 17 of the Complaint, Bank Nevada denies the allegations contained therein.

## Answer to Typicality of Claims

18.     Plaintiff is asserting claims that are typical of the Class because he is a person that received numerous calls from Defendant, using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent before receiving such calls.

6

**Response:**   Answering Paragraph 18 of the Complaint, Bank Nevada denies the allegations contained therein.

## Answer to Adequacy of Representation

19.     Plaintiff is an adequate representative of the Class because his interests coincide with and are not antagonistic to those of the Class and is interested in pursuing his claims vigorously.  Plaintiff has retained experienced and competent counsel in handling complex litigation.

**Response:**  Answering Paragraph 19 of the Complaint, Bank Nevada lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

## Answer to Superiority of a Class Action

20.     Proceeding as a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  A class action preserves judicial resources by avoiding duplicative lawsuits, repetitious discovery and inconsistent rulings on Class claims for equitable relief and provides fair and efficient access to adjudication for damages claims that are meritorious, yet too small to warrant the expense of individual litgation. Indeed, class-wide relief is essential to compel Defendant to comply with the TCPA.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class action claims because the calls at issue are all automated/prerecorded and the Class members, by definition, did not provide the prior express consent required under the statute to authorize such calls to their cellular telephones.

**Response:**   Answering Paragraph 20 of the Complaint, Bank Nevada denies the allegations contained therein.

## Answer to Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief

21.    In the alternative, this action may properly be maintained as a class action, because:

a.      the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants; or

b.      the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a

practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

      c.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**Response:**  Answering Paragraph 21 of the Complaint, Bank Nevada denies the allegations contained therein.

## ANSWER TO CAUSES OF ACTION

## ANSWER TO COUNT I:  NEGLIGENCE UNDER THE TCPA

22.    Plaintiff incorporates the allegations contained in paragraphs 1 through 21 above as if fully set forth herein and further alleges as follows.

**Response:**  Answering Paragraph 22 of the Complaint, Bank Nevada incorporates its responses to the allegations in Paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.    Defendant negligently violated the TPCA by calling Plaintiff and others similarly situated on their cellular numbers using an automatic telephone dialing system and/or prerecorded voice.

**Response:**  Answering Paragraph 23 of the Complaint, Bank Nevada admits that Plaintiff purports to bring his First Cause of Action pursuant to the TCPA.  Except as expressly admitted, Bank Nevada denies each and every allegation set forth therein.

24.    As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation cited herein plus any additional violations, pursuant to 47 U.S.C. § 227(b)(3)(B).

**Response:**  Answering Paragraph 24 of the Complaint, Bank Nevada denies each and every allegation contained therein.

8

## ANSWER TO COUNT II:  KNOWING AND/OR WILLFUL
## VIOLATIONS OF THE TCPA

25.    Plaintiff incorporates the allegations contained in paragraphs 1 through 24 and further alleges as follows.

**Response:**  Answering Paragraph 25 of the Complaint, Bank Nevada incorporates its

responses to the allegations in Paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.    Defendant knowingly and/or willfully violated the TCPA by calling Plaintiff and others similarly situated on their cellular numbers using an automatic telephone dialing system and/or prerecorded voice.

**Response:**  Answering Paragraph 26 of the Complaint, Bank Nevada admits that Plaintiff

purports to bring his Second Cause of Action pursuant to the TCPA.  Except as expressly

admitted, Bank Nevada denies each and every allegation set forth therein.

27.    That as a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to enhanced damages of three (3) times the statutory amount of $500.00, for up to $1,500.00 for each and every violation cited herein plus any additional violations, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Response:**  Answering Paragraph 27 of the Complaint, Bank Nevada denies each and

every allegation contained therein.

## ANSWER TO COUNT III:  INJUNCTIVE RELIEVE UNDER THE TCPA

28.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27 and further alleges as follows.

**Response:**  Answering Paragraph 28 of the Complaint, Bank Nevada incorporates its

responses to the allegations in Paragraphs 1 through 27, inclusive, as if fully set forth herein.

29.    The TCPA provides a private right of action for injunctive relief.

**Response:**  Answering Paragraph 29 of the Complaint, Bank Nevada states that this

paragraph contains legal conclusions to which no response is required; to the extent a response is

9

required, Bank Nevada states that the TCPA speaks for itself and Bank Nevada denies any allegations that are inconsistent therewith.

30.     Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. § 227(b), including calls to Plaintiff.

**Response:**  Answering Paragraph 30 of the Complaint, Bank Nevada admits that Plaintiff purports to bring his Third Cause of Action pursuant to the TCPA.  Except as expressly admitted, Bank Nevada denies each and every allegation set forth therein.

31.     Upon information and belief, Defendant continues to call cellular numbers in violation of section 227(b).

**Response:**  Answering Paragraph 31 of the Complaint, Bank Nevada denies each and every allegation contained therein.

32.     The Defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

**Response:**  Answering Paragraph 32 of the Complaint, Bank Nevada denies each and every allegation contained therein.

## ANSWER TO JURY TRIAL DEMANDED

33.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

**Response:**  Answering Paragraph 33 of the Complaint, Bank Nevada admits that Plaintiff demands a trial by jury.  Except as expressly admitted, Bank Nevada denies each and every allegation set forth in Paragraph 33.

## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

Answering Plaintiff's Request for Relief as set forth in Paragraphs A through B on page 9 of the Complaint, Bank Nevada denies that Plaintiff and the purported, alleged class are entitled to any relief whatsoever against Bank Nevada.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Bank Nevada asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint fails to set forth facts insufficient to state a claim against Bank Nevada.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

Bank Nevada is informed and believes, and on that basis alleges, that Plaintiff and/or any person he purports to represent, is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. §227(b)(1)(A), for all calls allegedly placed to his cell phone number by any alleged automatic telephone dialing system.

## THIRD AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff, and/or any person he purports to represent, has ratified the conduct alleged in the Complaint and therefore is barred from recovery against Bank Nevada.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint is barred by the conduct, actions and inactions of Plaintiff, and/or any person he purports to represent, which amount to and constitute a waiver of any right or rights that Plaintiff, and/or any person he purports to represent, may have, in relation to the matters alleged in the Complaint.

11

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint is barred by the conduct, actions and inactions of Plaintiff, and/or any person he purports to represent, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff, and/or any person he purports to represent, unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to Bank Nevada, and such claims therefore are barred pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although Bank Nevada denies that Plaintiff, and/or any person he purports to represent, has suffered any harm as alleged in the Complaint, to the extent that Plaintiff, and/or any person he purports to represent, has suffered harm, Plaintiff, and/or any person he purports to represent, has failed to mitigate that harm.

## EIGHTH AFFIRMATIVE DEFENSE

### (Setoff)

The claims of Plaintiff, and/or any person he purports to represent, are subject to setoff and/or recoupment.

## NINTH AFFIRMATIVE DEFENSE

### (Not Knowing Or Willful)

Plaintiff is precluded from any recovery from Bank Nevada for a willful and knowing violation of the TCPA because any such violation (which Bank Nevada denies occurred) would not have been willful or knowing.

## TENTH AFFIRMATIVE DEFENSE

### Arbitration

This Court lacks jurisdiction over the Plaintiff's claims due to the presence of a binding arbitration clause in Bank Nevada's account agreement with Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Bank Nevada expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

13

## **PRAYER**

**WHEREFORE,** Bank Nevada prays as follows:

1.      That Plaintiff and/or any person he purports to represent take nothing by virtue this action;

2.      For judgment to be entered against Plaintiff and in favor of Bank Nevada;

3.      That Bank Nevada be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.      That this Court grant Bank Nevada such other relief the Court may deem just and proper.


Dated:  August 23, 2012                          Respectfully submitted,

                                                 FAEGRE BAKER DANIELS LLP


                                                 By:   _s/Christopher G. Scanlon_____
                                                       Christina L. Clark #27777-49
                                                       Christopher G. Scanlon # 1583-49
                                                       300 North Meridian Street, Suite 2700
                                                       Indianapolis, Indiana 46204
                                                       Phone:  (317) 237-0300
                                                       Fax:  (317) 237-1000
                                                       Email:  christina.clark@faegrebd.com
                                                               chris.scanlon@faegrebd.com
                                                 *Attorneys for Defendant*
                                                 *HSBC Bank Nevada, N.A.*

BDDB01 9421418v1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 23, 2012, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to the following party by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

> Edward Chosnek
> PEARLMAN, CHOSNEK & HOPSON, P.C.
> P.O. Box 708
> Lafayette, IN 47902
>
> James R. Schrier
> REILING TEDER & SCHRIER, LLC
> P.O. Box 280
> Lafayette, IN 47902

> s/Christopher G. Scanlon

15